IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARRY LAUER,<br><br>                Plaintiff,<br>v.<br><br>CREDIT COLLECTION SERVICES,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**<br><br>Case No. 1:14-cv-00062-DN<br><br>District Judge David Nuffer |

Plaintiff Larry Lauer filed this suit in May 2014 against Credit Collection Services ("CCS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA").[1] After several weeks of discovery, CCS filed a motion for summary judgment,[2] which has now been fully briefed by both parties.[3] Shortly after CCS filed its motion for summary judgment, but before Mr. Lauer filed his response, and before the deadline for amended pleadings,[4] Mr. Lauer sought leave to amend his complaint to add new allegations under the FDCPA.[5]

For the reasons that follow, Mr. Lauer's Motion for Leave to Amend is GRANTED.

## OVERVIEW OF MOTION

In his original complaint, Mr. Lauer claimed that CCS violated the FDCPA by seeking to collect a debt that Mr. Lauer alleges he does not owe.[6] In his proposed First Amended

---

[1] *See* Complaint, docket no. 1, filed May 19, 2014.

[2] Defendant's Motion for Summary Judgment, docket no. 18, filed Oct. 18, 2014.

[3] Response to Motion for Summary Judgment, docket no. 20, filed Nov. 13, 2014; Defendant's Reply in Support of its Motion for Summary Judgment, docket no. 24, filed Nov. 26, 2014.

[4] *See* Scheduling Order and Vacated Hearing ("Scheduling Order"), docket no. 10, filed Sept. 8, 2014.

[5] Motion for Leave to Amend Complaint, docket no. 19, filed Nov. 4, 2014; First Amended Complaint, docket no. 19-1, filed Nov. 4, 2014.

[6] Complaint at 2–3.

Complaint, Mr. Lauer seeks to add two facts – alleging that CCS's employee failed to self-identify and failed to identify the entity seeking to collect the debt during collections calls.[7]

Mr. Lauer argues in support of his motion for leave to amend that, given the requirement to "freely give leave when justice so requires,"[8] his amendment should be permitted.[9] Mr. Lauer argues that there was no undue delay in bringing the amendment, given that he sought leave *before* the amended pleadings deadline passed.[10] Further, he argues that there has been no bad faith, no repeated failure to cure previous deficiencies in the pleadings, and that there will be no undue prejudice to CCS if the motion is granted.[11]

CCS opposes the motion, saying Mr. Lauer simply responds to arguments presented in CCS's motion for summary judgment,[12] that Mr. Lauer knew or should have known of the facts supporting his new allegations prior to filing its original complaint,[13] and that the motion to amend is untimely and prejudicial. CCS argues that Mr. Lauer attempts to make his complaint a "moving target" and that amendment would prejudice CCS because it would "start this case over from the beginning."[14] Such prejudice, CCS argues, warrants denial of leave to amend.[15]

---

[7] First Amended Complaint ¶¶ 10–11.

[8] FED. R. CIV. P. 15.

[9] Motion for Leave to Amend Complaint at 1–2.

[10] *See* Scheduling Order at 2.

[11] Motion for Leave to Amend Complaint at 2.

[12] Defendant's Response to Motion, docket no. 23, filed Nov. 18, 2014.

[13] Response to Motion to Amend at 4–5.

[14] *Id.* at 5–6.

[15] *Id.*

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires"[16] – a "mandate [that] is to be heeded."[17] Ultimately, however, "the decision to grant leave to amend a complaint . . . is within the trial court's discretion."[18] When a motion to amend is brought in bad faith, after undue delay, or when prejudice to the opposing party will ensue, leave may properly be denied.[19]

"Untimeliness in itself can be a sufficient reason to deny leave to amend," but only when the movant is unable to provide adequate explanation for the delay.[20] Such explanation is required even when a motion for leave to amend is filed within the court's scheduling deadline.[21] Thus, filing within the scheduling deadline is merely evidence that delay was not undue.[22] Of more importance, and generally the determining factor, is the prejudice to the opposing party that will result if leave to amend is granted.[23] Most often, prejudice occurs "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[24] The burden of explaining the reasons for delay in amending the

---

[16] FED. R. CIV. P. 15(a)(2).

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[18] *Best Vinyl, LLC v. Homeland Vinyl Prods., Inc.*, 2012 WL 2398001, at *2 (D. Utah Nov. 2, 2012) (quoting *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

[19] See *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[20] *Id.* at 1205; *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995)

[21] Scheduling Order at 2, n.2 (requiring the parties to adhere to Rule 15(a) when seeking leave to amend within pleadings deadline); see also *Enfield By & Through Enfield v. A. B. Chance Co.*, 1997 WL 45454, at *4 (D. Kan. Jan. 21, 1997) *on reconsideration in part sub nom. Enfield v. A. B. Chance Co.*, 1997 WL 157237 (D. Kan. Mar. 21, 1997) and *aff'd sub nom. Enfield v. A.B. Chance Co.*, 182 F.3d 931 (10th Cir. 1999).

[22] *Enfield*, 1997 WL 45454, at *4.

[23] See *Minter*, 451 F.3d at 1207–08.

[24] *Id.* at 1208.

pleadings rests on the moving party,[25] but the non-movant bears the burden of demonstrating

sufficient prejudice to warrant denial.[26]

## DISCUSSION

### I. Mr. Lauer Adequately Explained the Delay in Seeking Leave to Amend his Complaint.

Mr. Lauer filed his original complaint on May 19, 2014.[27] Six months later, Mr. Lauer's

counsel apparently learned of two new facts during the 30(b)(6) deposition of CCS's corporate

representative.[28] Mr. Lauer's counsel does not clearly explain whether he failed to ask Mr. Lauer

about the phone call or whether he asked and Mr. Lauer simply didn't remember. Mr. Lauer's

Reply Memorandum implies that Mr. Lauer simply did not remember,[29] and the declaration of

his counsel makes clear that the discovery of the new facts did not come from Mr. Lauer's

refreshed memory, but through notes kept by the defendant.[30] According to that declaration,

these notes and the ensuing discussion led to the discovery of allegedly unlawfully withheld

recording.[31] Mr. Lauer then sought leave to add his new FDCPA claims just over three weeks

after this deposition[32] and the filing of CCS's summary judgment motion,[33] but within the

scheduling deadline for amending pleadings.[34]

---

[25] *Id.* at 1206 ("We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." (quotations omitted)).

[26] *See Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009).

[27] *See* Complaint at 4.

[28] *See* Declaration of Joshua Trigsted in Support of Plaintiff's Motion for Leave to Amend Complaint ("Trigsted Declaration") ¶ 2, docket no. 26, filed Dec. 5, 2014.

[29] Plaintiff's Reply Memorandum in Support of its Motion for Leave to Amend at 3, docket no. 25, filed Dec. 5, 2014.

[30] Trigsted Declaration ¶¶ 3–5.

[31] *Id.* ¶ 6.

[32] *See id.*

[33] *See* Defendant's Motion for Summary Judgment at 9.

[34] Scheduling Order at 2.

Mr. Lauer's explanation for failing to include the claims earlier is sufficient. Mr. Lauer likely should have known the necessary facts before filing his original complaint, and counsel likely should have discovered those facts from Mr. Lauer prior to filing suit, but it is entirely possible that a person wouldn't remember all the details of phone calls.

Failure to gather the newly added facts previously could be sufficient grounds for denying leave to amend.[35] However, given the stage of litigation, the filing of the motion prior to the deadline for amended pleadings and the explanation that Mr. Lauer simply did not remember all the facts supporting his claim, Mr. Lauer's delay is not "undue." Leave to amend was sought soon after the new facts came to light in the deposition, and within the deadline to amend pleadings. The amended claims do not arise out of a subject matter different from what was set forth in the complaint, nor do they raise significant new factual issues.

## II. CCS Has Not Shown Sufficient Prejudice to Warrant Denial.

CCS has failed to show that it would be prejudiced if Mr. Lauer is allowed to amend his complaint. That Mr. Lauer has sought leave to amend within the pleadings deadline is evidence that CCS is not prejudiced by the amendment. CCS was on notice that Mr. Lauer would be allowed to amend up until the deadline,[36] and its other grounds for prejudice simply do not rise to the level sufficient for denial.

CCS argues that it is prejudiced because "Plaintiff seeks to change the entire nature of his Complaint,"[37] which will result in "start[ing] this case over from the beginning."[38] CCS has overstated the effect of Mr. Lauer's amendments to his complaint. The "nature" of the Amended

---

[35] See *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[36] See Scheduling Order at 2.

[37] Response to Motion to Amend at 5.

[38] *Id.* at 7.

Complaint still revolves around the FDCPA and the same nucleus of operative events as the original complaint. Mr. Lauer only adds two additional facts, leaving unchanged the same single claim for violation of the FDCPA and the same prayer for relief.[39]

While the new factual issues broaden the scope of the case, they are not so "significant" that adding them will unduly prejudice CCS. Further, amending the complaint does not foreclose the possibility that CCS's summary judgment motion could dispose of the allegations in the original complaint, which remain in the First Amended Complaint.[40]

Accordingly, CCS has shown insufficient prejudice to deny Mr. Lauer leave to amend.

## ORDER

For the foregoing reasons, Plaintiff Larry Lauer's Motion for Leave to Amend Complaint[41] is GRANTED. The court further orders as follows:

1. Mr. Lauer shall immediately file the amended complaint as provided in his motion.

2. Defendant shall file an amended answer before April 27, 2015.

3. The parties may conduct additional discovery until May 22, 2015, focused solely on the two new sentences in the amended complaint. Depositions taken of persons previously deposed shall not exceed 3 hours.

4. The dispositive motion deadline is extended from May 8, 2015 to June 6, 2015.

Dated April 13, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[39] *See* First Amended Complaint at 3–4.

[40] *Compare Id.* at ¶¶ 8–9 *with* Complaint ¶¶ 8–9.

[41] Docket no. 19, filed Nov. 4, 2014.