IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARRY LAUER,<br><br>                    Plaintiff,<br>v.<br><br>CREDIT CONTROL SERVICES,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:14-cv-00062-DN<br><br>District Judge David Nuffer |

Plaintiff Larry Lauer sues under the Fair Debt Collection Practices Act ("FDCPA") alleging that defendant Credit Control Services ("CCS") violated the FDCPA by falsely representing "the character, amount, or legal status" of a debt[1] (which Mr. Lauer claimed not to owe), failing to disclose the caller's individual or corporate identity in telephone communications (a violation of 15 U.S.C. § 1692d(6))[2] and failing to notify during each call that the communication was from a debt collector (a violation of 15 U.S.C. § 1692e(11)).[3]

CCS's Motion on the Debt,[4] the first summary judgment motion, was filed shortly after Mr. Lauer had deposed CCS's 30(b)(6) witness.[5] At the time it was filed, this motion would have resolved the case, but approximately three weeks later, Mr. Lauer sought leave to amend his Complaint to add two additional claims under the FDCPA, the claims regarding the collection calls.[6] Mr. Lauer's Motion for Leave to Amend was granted and his First Amended Complaint

---

[1] First Amended Complaint ¶ 9, at 2, docket no. 28, filed Apr. 13, 2015.

[2] *Id.* ¶ 10, at 2.

[3] *Id.* ¶ 11, at 2.

[4] Defendant's Motion for Summary Judgment ("CCS's Motion on the Debt"), docket no. 18, filed Oct. 13, 2014.

[5] Plaintiff's Reply Memorandum in Support of Motion for Leave to Amend Complaint at 2, docket no. 25, filed Dec. 5, 2014.

[6] First Amended Complaint ¶¶ 10–11, at 2.

was filed,[7] rendering CCS's Motion on the Debt a motion for *partial* summary judgment
Subsequently, CCS filed its Second Motion for Summary Judgment ("CCS's Motion on the
Collection Calls").[8]

On September 29, 2015, an order[9] granted CCS's first motion for summary judgment,[10]
disposing of Mr. Lauer's claim for CCS's alleged false representation of the debt Mr. Lauer
claimed not to owe. This order resolves CCS's Motion on the Collection Calls which seeks
summary judgment on both of Mr. Lauer's claims for improper collection calls.[11] Therefore, this
order addresses the two remaining claims in this case. For the reasons that follow, CCS's Motion
on the Collection Calls is GRANTED, disposing of the case.

## CONTENTS

OVERVIEW OF MOTION ................................................................................................ 2
STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 5
ANALYSIS ...................................................................................................................... 8
    I.     CCS is Clearly Entitled to Judgment as a Matter of Law on  Mr. Lauer's Claim
          Under 15 U.S.C. § 1692d(6). ........................................................................... 8
    II.    CCS is Clearly Entitled to Judgment as a Matter of Law on  Mr. Lauer's Claim
          Under 15 U.S.C. § 1692e(11). ....................................................................... 10
ORDER ........................................................................................................................... 14

## OVERVIEW OF MOTION

CCS made four calls to Mr. Lauer to collect a debt of $114.25 assigned to CCS by non-
party AT&T Mobility ("AT&T") for mobile phone services AT&T had, according to AT&T,

---

[7] Memorandum Decision and Order Granting Motion to Amend Complaint, docket no. 27, filed Apr. 13, 2015.

[8] Defendant's Second Motion for Summary Judgment ("CCS's Motion on the Collection Calls"), docket no. 30, filed June 5, 2015.

[9] Memorandum Decision and Order Granting Defendant's Motion for Partial Summary Judgment, docket no. 34, filed Sep. 29, 2015.

[10] CCS's Motion on the Debt.

[11] First Amended Complaint ¶¶ 10–11, at 2.

previously provided to Mr. Lauer.[12] Mr. Lauer alleges that CCS violated the FDCPA during those collection calls by failing to disclose the identity of the caller or the corporation and failing to notify Mr. Lauer during each call that the call was from a debt collector.[13]

CCS denies the allegations, citing principally to transcripts of the recordings of the four collection calls at issue.[14] First, CCS argues that there is no violation of the FDCPA for a failure to provide the caller's or the corporation's identity because, "[i]n all four calls, the representative from CCS identifies himself or herself by name, identifies the name of the company, and identifies they are calling regarding the AT&T Mobile account.[15] Second, CCS argues that "CCS states on Call Nos. 1, 2, and 4 that the call is an 'attempt to collect a debt.'"[16]

Mr. Lauer opposed the motion in form, but agreed[17] to CCS's proposed facts. This forecloses his claim under 15 U.S.C. § 1692d(6) because the CSS agents in each of the four calls did in fact provide the caller's identity and CCS's identity.[18] Other than his agreement to the facts, Mr. Lauer ignored this claim in the argument portion of his opposition.[19]

---

[12] CCS's Motion on the Collection Calls ¶¶ 1–2 and 4, at 5–6; Response to Defendant's Second Motion for Summary Judgment ("Lauer's Response on the Collection Calls") at 1 ("agree[ing] with each of [CCS]'s statements of fact" "relating to whether [CCS] violated 15 USC 1692e(11) or § 1692d(6)), docket no. 31, filed July 6, 2015 at 3 (Mr. Lauer did not number the pages of his filing)..

[13] First Amended Complaint ¶¶ 10–11, at 2.

[14] Audiotaped Phone Call Between Victoria Miles from CCS and Larry Lauer dated January 19, 2014, attached as Exhibit C to CCS's Motion on the Collection Calls ("Call No. 1"), docket no. 30-3, filed June 5, 2014; Audiotaped Phone Call Between Kaitlyn Perrin from CCS and Larry Lauer dated January 22, 2014 ("Call No. 2"), attached as Exhibit D to CCS's Motion on the Collection Calls, docket no. 30-4, filed June 5, 2014; Audiotaped Phone Call Between Joanna Jacobs from CCS and Larry Lauer dated February 5, 2014 ("Call No. 3"), attached as Exhibit E to CCS's Motion on the Collection Calls, docket no. 30-5, filed June 5, 2014; and Audiotaped Phone Call Between Melody Franz from CCS and Larry Lauer dated February 10, 2014 ("Call No. 4"), attached as Exhibit G to CCS's Motion on the Collection Calls, docket no. 30-7, filed June 5, 2014.

[15] CCS's Motion on the Collection Calls at 9 (citing Call No. 1, Call No. 2, Call No. 3, and Call No. 4).

[16] Id. at 10 (citing Call No. 1, Call No. 2, and Call No. 4).

[17] Lauer's Response on the Collection Calls at 1 (Mr. Lauer did not number the pages of his filing).

[18] CCS's Motion on the Collection Calls ¶¶ 6, 9, 12, and 18, at 5–6.

[19] See Lauer's Response on the Collection Calls at 2–5 (Mr. Lauer did not number the pages of his filing).

Furthermore, Mr. Lauer agreed to CCS's proposed facts which foreclose his claim under 15 U.S.C. § 1692e(11) on at least three of the four calls because the CCS agents did in fact state that the call was an attempt to collect a debt.[20] Therefore, Mr. Lauer's only dispute concerns the third call which took place on February 5, 2014 ("Call No. 3").

In Call No. 3, Mr. Lauer interrupts the CCS agent and then ends the call abruptly.[21] Mr. Lauer argues that "[CCS] admits that it did not state that the communication was from a debt collector in [Call No. 3]. By its own terms 15 USC 1692e(11) admits of no exceptions to this requirement. Therefore, [CCS] violated the FDCPA according to its plain language."[22]

CCS made three arguments that the failure to state that the call regarded the collection of a debt did not violate the FDCPA. First, CCS argued that "it was clear from the entirety of the conversation that even the least sophisticated consumer would have understood the call concerned collection of a debt."[23] Second, CCS argued that the alleged violation is not material and therefore not actionable.[24] Third, CCS argued that any violation of the FDCPA by failing to identify the call as an attempt to collect a debt "was unintentional and the result of a bona fide error."[25]

Mr. Lauer makes two arguments about Call No. 3. First, Mr. Lauer argues that that "the FDCPA is a strict liability statute, and 'materiality' applies only to false statements, not to omissions of required disclosures."[26] Second, Mr. Lauer "admits for purposes of [CCS's Motion

---

[20] *Id.* ¶¶ 6, 9, and 18, at 5–6.

[21] *See* Audiotaped Phone Call Between Joanna Jacobs from CCS and Larry Lauer dated February 5, 2014, attached as Exhibit E to CCS's Motion on the Collection Calls, docket no. 30-5, filed June 5, 2014.

[22] Lauer's Response on the Collection Calls at 2 (Mr. Lauer did not number the pages of his filing).

[23] CCS's Motion on the Collection Calls at 11.

[24] *Id.* at 11–13.

[25] *Id.* at 14–16.

[26] Lauer's Response on the Collection Calls at 3 (Mr. Lauer did not number the pages of his filing).

on the Collection Calls] that [CCS]'s violation of 15 USC 1692e(11) was unintentional and *bona fide*,"[27] but he contradicts that admission by arguing that "[CCS] has not met its burden of proving the reasonableness of its procedures and their maintenance 'beyond doubt.'"[28]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

After careful review of the statements of facts and evidence provided by both parties, the following facts are not in dispute for purposes of the present motion:

1. On January 16, 2014, CCS was assigned an account for Mr. Lauer in the amount of $114.25 from AT&T (the "Account") for collection.[29]

2. The Account was for cellular phone services provided by AT&T to Mr. Lauer.[30]

3. CCS kept Account Notes accurately documenting work performed on the Account.[31]

4. Mr. Lauer and CCS spoke on four (4) occasions.[32]

5. A representative for CCS called Mr. Lauer on January 19, 2014, ("Call No. 1") at about 2:15 p.m. EST.[33]

6. During Call No. 1, the collector informed Mr. Lauer that she was Victoria Miles calling from CCS and that it was an attempt to collect a debt.[34]

---

[27] *Id.*

[28] *Id.*

[29] *See* Declaration of Crystal Stephens ¶17, attached as Exhibit A to CCS's Motion on the Debt, docket no. 18-1, filed Oct. 13, 2014.

[30] *See id.* ¶11.

[31] *See* Declaration of Bruce Shapiro ("Shapiro Decl.") ¶6, attached as Exhibit A to CCS's Motion on the Collection Calls, docket no. 30-1, filed June 5, 2015; and Account Notes, attached as Exhibit B to CCS's Motion on the Collection Calls, docket no. 30-2, filed June 5, 2013.

[32] *See* Shapiro Decl. ¶7; and Account Notes.

[33] *See* Shapiro Decl. ¶8. *See also* Account Notes.

[34] *See* Transcript of Call No. 1, attached as Exhibit C to CCS's Motion on the Collection Calls, docket no. 30-3, filed June 5, 2015.

7.      During Call No. 1, the collector informed Mr. Lauer that AT&T placed his past due account of $114.25 with CCS for collections.[35]

8.      A representative for CCS called Mr. Lauer on January 22, 2014, ("Call No. 2") at about 6:00 p.m. EST.[36]

9.      During Call No. 2, the collector informed Mr. Lauer that she was Katlin Perrin calling from CCS and that it was an attempt to collect a debt.[37]

10.     During Call No. 2, the collector informed Mr. Lauer that AT&T placed his past due account of $114.25 with CCS for collections.[38]

11.     A representative for CCS called Mr. Lauer on February 5, 2014, ("Call No. 3") at about 3:10 p.m. EST.[39]

12.     During Call No. 3, the collector informed Mr. Lauer that she was Joanna Jacobs calling from CCS.[40]

13.     During Call No. 3, the collector informed Mr. Lauer that she was calling on behalf of AT&T.[41]

14.     Mr. Lauer acknowledged that CCS had called again; he then threatened CCS with a lawsuit, and abruptly hung up the phone.[42]

15.     The total time for Call No. 3 was approximately 30 seconds.[43]

---

[35] *Id.*

[36] Shapiro Decl. ¶9. *See also* Account Notes.

[37] *See* Transcript of Call No. 2, attached as Exhibit D to CCS's Motion on the Collection Calls, docket no. 30-4, filed June 5, 2015.

[38] *Id.*

[39] *See* Shapiro Decl. ¶10. *See also* Account Notes.

[40] *See* Transcript of Call No. 3, attached as Exhibit E to CCS's Motion on the Collection Calls, docket no. 30-5, filed June 5, 2015.

[41] *Id.*

[42] *Id.*

16.     Mr. Lauer knew CCS was a debt collector attempting to collect his delinquent AT&T Mobile account.[44]

17.     CCS called Mr. Lauer one last time on February 9, 2014, ("Call No. 4") at about 9:30 p.m., EST.[45]

18.     During Call No. 4, the collector informed Mr. Lauer that she was Melody Franz calling from CCS and that it was an attempt to collect a debt.[46]

19.     During Call No. 4, the collector informed Mr. Lauer that AT&T placed his past due account of $114.25 with CCS for collections.[47]

20.     CCS sent Mr. Lauer a Validation Letter identifying CCS as a debt collector collecting an outstanding debt for AT&T on January 20, 2014.[48]

21.     Mr. Lauer received and read the Validation Letter.[49]

22.     As of January 20, 2014, Mr. Lauer knew CCS was a debt collector collecting an outstanding debt on behalf of AT&T.[50]

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[51] A dispute of fact is genuine when

---

[43] *Id.*

[44] *See* Excerpts from Deposition of Larry Lauer ("Lauer Depo.") at 45:4–7; 49:13–17, attached as Exhibit F to CCS's Motion on the Collection Calls, docket no. 30-6, filed June 5, 2015.

[45] *See* Shapiro Decl. ¶11. *See also* Account Notes.

[46] Transcript of Call No. 4, attached as Exhibit G to CCS's Motion on the Collection Calls, docket no. 30-7, filed June 5, 2015.

[47] *Id.*

[48] *See* CCS Validation Letter dated Jan. 20, 2014, attached as Exhibit H to CCS's Motion on the Collection Calls, docket no. 30-8, field June 5, 2015.

[49] *See* Lauer Depo. at 104:5–7.

[50] *Id.* at 105:8–20.

[51] Fed. R. Civ. P. 56(a).

"there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[52] However, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[53]

The party moving for summary judgment "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[54] When the movant is not the party that will bear the ultimate burden of persuasion at trial, it can make such a prima facie demonstration by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."[55] If the movant carries its initial burden, the nonmovant "may not simply rest upon its pleadings,"[56] but must instead "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[57]

## ANALYSIS

### I.  CCS is Clearly Entitled to Judgment as a Matter of Law on Mr. Lauer's Claim Under 15 U.S.C. § 1692d(6).

Mr. Lauer alleged that CCS violated 15 U.S.C. § 1692d(6) during the four collection calls that took place in January and February 2014 by "[f]ailing to disclose the caller's individual identity or the corporate identity of Plaintiff [sic]. . . ."[58] The FDCPA states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress,

---

[52] *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[53] *Id.*

[54] *Id.* at 670–71.

[55] *Id.* at 670.

[56] *Id.* at 671.

[57] *Id.*

[58] First Amended Complaint ¶ 10, at 2 (citing 15 U.S.C. § 1692d(6)).

or abuse any person in connection with the collection of a debt;" including "the placement of telephone calls without meaningful disclosure of the caller's identity."[59]

The parties agreed[60] to CCS's proposed facts which foreclose Mr. Lauer's claim under § 1692d(6).[61] Specifically, the parties agreed as follows:

> During Call No. 1, the collector *informed Mr. Lauer that she was Victoria Miles calling from CCS* and that it was an attempt to collect a debt.[62]
> . . . .
> During Call No. 2, the collector *informed Mr. Lauer that she was Katlin Perrin calling from CCS* and that it was an attempt to collect a debt.[63]
> . . . .
> During Call No. 3, the collector *informed Mr. Lauer that she was Joanna Jacobs calling from CCS.*[64]
> . . . .
> During Call No. 4, the collector *informed Mr. Lauer that she was Melody Franz calling from CCS* and that it was an attempt to collect a debt.[65]

The transcripts of the recorded calls[66] clearly show that "[i]n all four calls, the representative from CCS identifies himself or herself by name, identifies the name of the company, and identifies they are calling regarding the AT&T Mobile account."[67] The CCS representatives clearly followed the same script and always made the required identification. Based on the agreed upon undisputed material facts of the parties and the clear evidence in the transcripts of the recorded calls, there is no violation of the FDCPA for a failure to identify.

---

[59] 15 U.S.C. § 1692d(6).

[60] Lauer's Response on the Collection Calls at 1 (Mr. Lauer did not number the pages of his filing).

[61] *See* Statement of Undisputed Material Facts, *supra*, ¶¶ 6, 9, 12, and 18.

[62] *See id.* ¶ 6 (citing Transcript of Call No. 1) (emphasis added).

[63] *See id.* ¶ 9 (citing Transcript of Call No. 2) (emphasis added).

[64] *See id.* ¶ 12 (citing Transcript of Call No. 3) (emphasis added).

[65] *See id.* ¶ 18 (citing Transcript of Call No. 4) (emphasis added).

[66] *See* Transcript of Call No. 1, Transcript of Call No. 2, Transcript of Call No. 3, Transcript of Call No. 4.

[67] CCS's Motion on the Collection Calls at 9 (citing Call No. 1, Call No. 2, Call No. 3, and Call No. 4).

Therefore, Mr. Lauer's claim[68] is entirely without merit, and CCS is clearly entitled to judgment as a matter of law.

## II.   CCS is Clearly Entitled to Judgment as a Matter of Law on Mr. Lauer's Claim Under 15 U.S.C. § 1692e(11).

Mr. Lauer alleged that CCS violated 15 U.S.C. § 1692e(11) during the four collection calls that took place in January and February 2014 by "[f]ailing to notify Plaintiff during each collection call that the communication was from a debt collector."[69] The FDCPA states that

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . [T]he following conduct is a violation of this section:[70] the failure to disclose in subsequent communications that the communication is from a debt collector. . . .[71]

The alleged "false, deceptive, or misleading representation or means in connection with the collection of any debt"[72] is analyzed under the "least sophisticated consumer standard" to ensure that "the FDCPA protects all consumers, the gullible as well as the shrewd."[73]

The parties agreed[74] to CCS's proposed facts which foreclose Mr. Lauer's claim under § 1692e(11) as it relates to three of the four calls.[75] Specifically, the parties agreed as follows:

> During Call No. 1, the collector informed Mr. Lauer that she was Victoria Miles calling from CCS and *that it was an attempt to collect a debt*.[76]
> . . . .
> During Call No. 2, the collector informed Mr. Lauer that she was Katlin Perrin calling from CCS and *that it was an attempt to collect a debt*.[77]

---

[68] First Amended Complaint ¶ 10, at 2.

[69] *Id.* ¶ 11, at 2 (citing 15 U.S.C. § 1692e(11)).

[70] 15 U.S.C. § 1692e.

[71] *Id.* § 1692e(11).

[72] 15 U.S.C. § 1692e.

[73] *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1329–1330 (D. Utah 1997).

[74] Lauer's Response on the Collection Calls at 1 (Mr. Lauer did not number the pages of his filing).

[75] *See* Statement of Undisputed Material Facts, *supra*, ¶¶ 6, 9, 12, and 18.

[76] *See id.* ¶ 6 (citing Transcript of Call No. 1) (emphasis added).

[77] *See id.* ¶ 9 (citing Transcript of Call No. 2) (emphasis added).

. . . .
During Call No. 4, the collector informed Mr. Lauer that she was Melody Franz
calling from CCS and *that it was an attempt to collect a debt.*[78]

The transcripts of the recorded calls[79] clearly show that "CCS states on Call Nos. 1, 2, and 4 that the call is an 'attempt to collect a debt.'"[80] The CCS representatives clearly followed the same script and always made the required disclosure. Based on the agreed upon undisputed material facts of the parties and the clear evidence in the transcripts of the recorded calls, there is no violation of the FDCPA for a failure to disclose on Call No. 1, Call No. 2, or Call No. 4.

Therefore, Mr. Lauer's only dispute concerns Call No. 3. Mr. Lauer's claim regarding Call No. 3 is unfounded, and CCS is entitled to judgment as a matter of law because the evidence shows that there is no violation of § 1692e(11) where Mr. Lauer prevented the CCS representative from making the required disclosure. There was no "failure to disclose."[81]

It is undisputed that CCS representative Joanna Jacobs placed Call No. 3 to Mr. Lauer on February 5, 2014 at about 3:10 p.m. EST.[82] During Call No. 3, it is undisputed that Ms. Jacobs informed Mr. Lauer of her name,[83] that she was calling from CCS,[84] and that she was calling on behalf of AT&T.[85] It is undisputed that at t that point Mr. Lauer acknowledged that CCS had called again, threatened a lawsuit, and abruptly hung up the phone.[86] The entire transcript of Call No. 3 reads as follows:

---

[78] *See id.* ¶ 18 (citing Transcript of Call No. 4) (emphasis added).

[79] *See* Transcript of Call No. 1, Transcript of Call No. 2, Transcript of Call No. 3, Transcript of Call No. 4.

[80] CCS's Motion on the Collection Calls at 10 (citing Call No. 1, Call No. 2, and Call No. 4).

[81] 15 U.S.C. § 1692e(11).

[82] *See* Statement of Undisputed Material Facts, *supra*, ¶ 11 (citing Shapiro Decl. ¶10; Account Notes) (emphasis added).

[83] *See id.* ¶ 12 (citing Transcript of Call No. 3).

[84] *See id.*

[85] *See id*. ¶ 13 (citing Transcript of Call No. 3).

[86] *See id.* ¶ 14 (citing Transcript of Call No. 3).

> MS. JACOBS: Good afternoon. Please, I'd like to speak with Larry Lauer please.
> MR. LAUER: Speaking. Who's this?
> MS. JACOBS: My name, sir, is Joanna Jacobs and I'm giving you a phone call, sir, from CCS. CCS, (inaudible) Credit's Collection Services, sir.
> MR. LAUER: On who?
> MS. JACOBS: I'm sorry?
> MR. LAUER: On who's behalf?
> MS. JACOBS: Uh, this is regarding AT&T Mobility.
> MR. LAUER: Good. Now that you've called me again, I start my lawsuit. Good-bye.
> (The call was concluded.)[87]

Mr. Lauer's brief completely ignores the fact that he interrupted Ms. Jacobs during Call No. 3, and, as the agreed[88] upon fact states, that he "abruptly hung up the phone,"[89] preventing her from making the required disclosure. Surprisingly, he argues that CCS "admits that it did not state that the communication was from a debt collector in its call that took place on February 5, 2014. By its own terms, 15 USC 1692e(11) admits of no exceptions to this requirement. Therefore, [CCS] violated the FDCPA according to its plain language."[90]

Mr. Lauer's reading of the "plain language" of the statute is misplaced. He reads the FDCPA to entitle him to disrupt a collection call, prevent the debt collector from making the required identifications and disclosures, end the call, and through his own actions create a violation of the FDCPA on the part of the debt collector. Mr. Lauer has advanced no case law that interprets the FDCPA to allow debtors to create their own FDCPA violations by hanging up the phone before the debt collector has had an opportunity to comply with the statute. Indeed, the FDCPA "protects all consumers, the gullible as well as the shrewd,"[91] but it does not arm them with the power to cause FDCPA violations. Otherwise, the FDCPA would provide a debtor with

---

[87] Transcript of Call No. 3.

[88] Lauer's Response on the Collection Calls at 1 (Mr. Lauer did not number the pages of his filing).

[89] Statement of Undisputed Material Facts, *supra*, 14 (citing Transcript of Call No. 3).

[90] Lauer's Response on the Collection Calls at 2–3 (Mr. Lauer did not number the pages of his filing).

[91] *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1329–1330 (D. Utah 1997).

an impressive money-making opportunity, allowing him to hang up on debt collectors before they make all the required identifications and disclosures and thereby collect statutory damages for each incomplete collection call. This is not a reasonable reading of the plaint language of the statute.

It is clear that CCS uses a script during collection calls. A comparison[92] of the four calls to Mr. Lauer reveals that each call tracked an identical script. For example, in each call, the CCS representative uses nearly identical language to ask to speak with Mr. Lauer, followed immediately by stating their name and that they're calling from "CCS, Credit Collection Services."[93] In Call No. 1, Call No. 2, and Call No. 4, either without interruption or by talking at the same time as Mr. Lauer, the CCS representatives are able to state, in virtually identical language, that the call "is an attempt to collect a debt and any information obtained will be used for that purpose," that the call may be monitored or recorded for quality assurance, and that AT&T placed his past due account of $114.25 to CCS for recovery.[94]

Call No. 3 only departs from the apparent script immediately after identification but before stating the nature of the collection call and that it would be recorded.[95] At this point in Call No. 3, Mr. Lauer interrupts Ms. Jacobs, asking on whose behalf Ms. Jacobs is calling, a question which is met with unexpected confusion ("I'm sorry? . . . Uh, this is regarding AT&T

---

[92] *See* Comparison of Collection Calls Between CCS and Larry Lauer, attached to this Memorandum Decision and Order Granting Defendant's Second Motion for Summary Judgment.

[93] *See id*; *see also* Transcript of Call No. 1, Transcript of Call No. 2, Transcript of Call No. 3, and Transcript of Call No. 4.

[94] *See* Comparison of Collection Calls Between CCS and Larry Lauer; *see also* Transcript of Call No. 1, Transcript of Call No. 2, and Transcript of Call No. 4.

[95] *See* Transcript of Call No. 3.

Mobility.").[96] Mr. Lauer then states "[n]ow that you've called me again, I start my lawsuit. Good-bye," and hung up.[97]

Where Ms. Jacobs did not state that the call was an attempt to collect a debt and any information obtained will be used for that purpose, it is clear that Mr. Lauer prevented her opportunity to do so by interrupting and, as the agreed upon fact states, "abruptly [hanging] up the phone."[98] The FDCPA penalizes "the *failure* to disclose in subsequent communications that the communication is from a debt collector,"[99] but it does not reward a debtor's actions to *prevent* that disclosure. Therefore, based on the factual record, CCS did not violate the FDCPA, and therefore, Mr. Lauer cannot succeed on his claim under 15 U.S.C. § 1692e(11). Accordingly, CCS is entitled to summary judgment as a matter of law.

## ORDER

For the foregoing reasons, CCS's Motion on the Collection Calls[100] is GRANTED. Mr. Lauer has no remaining claims, and therefore, the clerk is directed to close the case.

Signed this 6th day of October, 2015.

BY THE COURT

David Nuffer
United States District Judge

---

[96] *Id.*

[97] *Id.*

[98] Statement of Undisputed Material Facts, *supra*, 14 (citing Transcript of Call No. 3). *See* Lauer's Response on the Collection Calls at 1 (Mr. Lauer did not number the pages of his filing) (agreeing to CCS's proposed fact).

[99] 15 U.S.C. § 1692e(11) (emphasis added).

[100] Docket no. 30, filed June 5, 2015.