IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARRY LAUER,<br><br>                Plaintiff,<br>v.<br><br>CREDIT CONTROL SERVICES,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [38] DEFENDANT'S MOTION FOR ORDER FINDING PLAINTIFF'S COMPLAINT FILED IN BAD FAITH**<br><br>Case No. 1:14-cv-00062-DN<br><br>District Judge David Nuffer |

      Defendant Credit Control Services ("CCS") seeks an order finding that Plaintiff Larry Lauer ("Lauer") filed his claims in bad faith ("Bad Faith Motion").[1] CCS further requests an award of attorneys' fees against Lauer and his counsel, Joshua Trigsted ("Trigsted"), under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927.[2] Because the entirety of Lauer's action was not brought and pursued in bad faith, and because Trigsted did not unreasonably and vexatiously multiple the proceedings in pursuing Lauer's claims, CCS's Bad Faith Motion is DENIED.

## BACKGROUND

      CCS attempted to collect a debt owed by Lauer to AT&T Mobility ("AT&T").[3] In response, on May 19, 2014, Lauer filed suit against CCS claiming that it violated 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA") by "falsely representing the

---

[1] Defendant's Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, for Purposes of Harassment, and Action Taken by Plaintiff and Her (*sic*) Attorney were Vexatious ("Bad Faith Motion"), docket no. 38, filed Oct. 20, 2015.

[2] *Id*. at 3.

[3] Complaint at 2, ¶ 8, docket no. 2, filed May 19, 2014.

character, amount, or legal status" of the debt ("Lauer's § 1692e(2)(A) Claim").[4] Specifically, Lauer alleged that he did not owe the AT&T debt and that CCS falsely represented the debt in "multiple actions in an attempt to collect [on the] debt[.]"[5]

On October 13, 2014, CCS filed a motion for summary judgment seeking the dismissal of Lauer's § 1692e(2)(A) claim ("Motion on the Debt").[6] However, prior to the resolution of the Motion on the Debt, Lauer was granted leave to amend his Complaint,[7] which he filed on April 13, 2015.[8] The Amended Complaint reasserted Lauer's § 1692e(2)(A) Claim and raised two additional claims against CCS: (1) violation of 15 U.S.C. § 1692d(6) for CCS's failure to disclose its representatives' identities and CCS's corporate identity in four telephone calls attempting to collect on the debt ("Lauer's § 1692d(6) Claim"); and (2) violation of 15 U.S.C. § 1692e(11) for CCS's failure to notify Lauer that each call was from a debt collector and made for the purpose of attempting to collect on a debt ("Lauer's § 1692e(11) claim").[9] Thereafter, on June 5, 2015, CCS filed a second motion for summary judgment seeking the dismissal of Lauer's § 1692d(6) Claim and Lauer's § 1692e(11) Claim ("Motion on the Collection Calls").[10]

As a result of the filing of Lauer's Amended Complaint, CCS's Motion on the Debt was construed as a motion for partial summary judgment and ultimately granted by Memorandum

---

[4] *Id.* at 2, ¶ 9.

[5] *Id*. at 2, ¶ 8.

[6] Defendant's Motion for Summary Judgment ("Motion on the Debt"), docket no. 18, filed Oct. 13, 2014.

[7] Memorandum Decision and Order Granting Plaintiff Leave to Amend Complaint, docket no. 27, filed Apr. 13, 2015.

[8] First Amended Complaint ("Amended Complaint"), docket no. 28, filed Apr. 13, 2015.

[9] *Id*. at 2, ¶¶ 9-11.

[10] Defendant's Second Motion for Summary Judgment ("Motion on the Collection Calls"), docket no. 30, filed June 5, 2015.

Decision and Order entered September 29, 2015 ("Order Granting Motion on the Debt").[11] The Order Granting Motion on the Debt found that CCS was entitled to rely on AT&T's representations regarding the debt's validity as a matter of law.[12] The order therefore concluded that CCS committed no violation of the FDCPA for falsely representing the character, amount, or legal status of the debt.[13] CCS's Motion on the Collection Calls was then granted by Memorandum Decision and Order entered on October 6, 2015 ("Order Granting Motion on the Collection Calls").[14] The Order Granting Motion on the Collection Calls concluded as a matter of law that the transcripts of all four CCS calls to Lauer demonstrated that CCS's representatives complied with § 1692d(6) by stating the caller's name and that the call was on behalf of CCS.[15] It further concluded that CCS did not violate § 1692e(11).[16] In three of the four calls to Lauer the CCS representative made the required disclosure that the call was from a debt collector attempting to collect on a debt.[17] On the remaining call Lauer prevented the caller from making the required disclosure by interrupting her and then hanging up.[18]

CCS now argues that Lauer and Trigsted pursued Lauer's claims without evidence or legal authority and that their conduct should be viewed as nothing less than bad faith, done for

---

[11] Memorandum Decision and Order Granting Defendant's Motion for Partial Summary Judgment ("Order Granting Motion on the Debt"), docket no. 34, filed Sept. 29, 2015.

[12] *Id.* at 12.

[13] *Id*. at 12-14.

[14] Memorandum Decision and Order Granting Defendant's Motion for Partial Summary Judgment ("Order Granting Motion on the Collection Calls"), docket no. 35, Oct. 6, 2015.

[15] *Id.* at 9.

[16] *Id*. at 8-14.

[17] *Id*.

[18] *Id*.

the purpose of harassing CCS.[19] CCS therefore submits that it is entitled to an award of attorneys' fees against Lauer and Trigsted under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927.

## STANDARD OF REVIEW

An award of attorneys' fees is appropriate under 15 U.S.C. § 1692k(a)(3) only if the district court finds that the action "was brought in bad faith and for the purpose of harassment[.]"[20] To recover under § 1692k(a)(3), a defendant must show that the entire action—not just an individual claim—was brought in bad faith.[21] The defendant has the burden to show that the plaintiff knew the "claim was meritless *and* that he pursued the claim for the purposes of harassment."[22] If the defendant makes such a showing, "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."[23]

CCS's alternate basis for recovering attorneys' fees 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[24] Unlike § 1692k(a)(3)'s all-or-nothing approach, § 1927 allows for the recovery of attorneys' fees on individual claims, independent of a party's other claims. However, "§ 1927

---

[19] Bad Faith Motion at 3.

[20] 15 U.S.C. § 1692k(a)(3).

[21] *See Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003).

[22] *Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, at *5 (C.D. Cal. May 21, 2010); s*ee also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985).

[23] 15 U.S.C.A. § 1692k(a)(3).

[24] 28 U.S.C.A. § 1927.

authorizes sanctions only upon counsel[.]"[25] "[C]lients may not be saddled with [§ 1927] awards."[26]

Sanctions may be appropriate against an attorney under § 1927 when the "attorney is cavalier or bent on misleading the court, intentionally acts without a plausible basis, when the entire course of the proceedings was unwarranted, or when certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of litigation."[27] Additionally, because sanctions under § 1927 are intended to be penal in nature, "an award should be made under § 1927 only in instances evidencing a serious and standard disregard for the orderly process of justice."[28] The district court has discretion whether to award fees under § 1927.[29] Though case law does not establish a bright line defining when an attorney's conduct warrants an award under § 1927, courts have awarded fees for blatant misrepresentations to the court,[30] bringing a claim that had already been settled,[31] and failing to withdraw claims that the charging attorney acknowledged were meritless early on in the proceeding.[32]

## DISCUSSION

CCS argues that an award of attorneys' fees against Lauer and Trigsted is appropriate because: (1) Lauer and Trigsted pursued Lauer's § 1692e(2)(A) Claim despite clear evidence and

---

[25] *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010) (emphasis added).

[26] *U.S. v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991).

[27] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

[28] *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotations omitted).

[29] See *Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 990 (5th Cir. 1987).

[30] See *Moser v. Bret Harte Union High Sch. Dist.*, 366 F.Supp.2d 944, 988 (E.D.Cal. Jan. 12, 2005).

[31] See *Reichmann v. Neumann,* 553 F.Supp.2d 307, 309 (S.D.N.Y. Apr. 22, 2008).

[32] See *Macheska v. Thomson Learning*, 347 F.Supp.2d 169, 180 (M.D.Pa. Dec. 7, 2004).

case law authorizing CCS to rely on AT&T's representations regarding the debt's validity;[33] and (2) Lauer and Trigsted pursued Lauer's § 1692d(6) Claim and Lauer's § 1692e(11) Claim despite clear evidence that CCS's representatives made the required disclosures in their four calls Lauer.[34]

### Lauer's § 1692e(2)(A) Claim was not brought or pursued in bad faith and did not unreasonably and vexatiously multiply the proceedings

Lauer first asserted that CCS violated § 1692e(2)(A) in his Complaint[35] and then reasserted the claim in his Amended Complaint.[36] Under § 1692e(2)(A), a debt collector may not falsely represent the "character, amount, or legal status of any debt."[37] In his Response to CCS's Motion on the Debt, Lauer made four arguments to avoid summary dismissal of the claim: (1) CCS failed to wait until after Lauer's time to amend his Complaint to file its Motion on the Debt;[38] (2) CCS failed to timely provide Lauer with the identity and declaration of the AT&T representative that its Motion on the Debt relied on, thus violating Rule 37(c)(1) of the Federal Rules of Civil Procedure and requiring the declaration to be stricken;[39] (3) genuine disputes of material fact existed as to whether Lauer owed the AT&T debt;[40] and (4) the reasonableness of CCS's reliance on AT&T's representations regarding the debt's validity is a disputed factual issue.[41] Lauer's arguments were rejected in the Order Granting Motion on the Debt.[42]

---

[33] Bad Faith Motion at 3-4.

[34] *Id*. at 4.

[35] Complaint at 2, ¶¶ 8-9.

[36] Amended Complaint at 2, ¶¶ 8-9.

[37] 15 U.S.C.A. § 1692e(2)(A).

[38] Response to Motion for Summary Judgment ("Response to Motion on the Debt") at 5, docket no. 20, filed Nov. 13, 2014.

[39] *Id*.

[40] *Id*. at 5-6.

[41] *Id*. at 6-7.

[42] Order Granting Motion on the Debt.

CCS maintains that Lauer's opposition to its Motion on the Debt was in bad faith, as CCS provided Lauer with clear evidence and case law demonstrating that collection agencies have a right to rely on the information provided to them by an underlying creditor.[43] While CCS is correct that an award of attorneys' fees may be warranted where clear evidence and binding case law demonstrate that a plaintiff's claim has no arguable basis in law or fact,[44] this was not the case with Lauer's § 1692e(2)(A) Claim. The case CCS offered in support of its Motion on the Debt, *Solomon v. Baer & Timberlake, P.C.*,[45] was not binding authority definitively establishing that CCS could rely on AT&T's representations regarding the debt's validity. Rather, *Solomon* was merely an Order and Judgment which included a footnote explicitly stating its non-binding nature.[46] Lauer therefore had a colorable argument that *Solomon*'s analysis should not be followed and that the determination of the reasonableness of CCS's reliance on AT&T's representations should not be made on summary judgment.

Additionally, while it was ultimately determined that CCS provided sufficient evidence of AT&T's representations regarding the validity of the debt,[47] Lauer challenged the admissibility of this evidence. Lauer argued that CCS failed to timely identify the declarant in its initial disclosures.[48] This issue was resolved with findings that CCS mailed its initial disclosures to Lauer—but for unknown reasons they were not received—and that Trigsted should have followed up with CCS after the apparent missed deadline.[49] Consequently, the evidence on

---

[43] Bad Faith Motion at 3-4.

[44] *Ivancie v. State Bd. of Dental Examiners*, 678 F.Supp. 1496, 1499 (10th Cir. 1988).

[45] 504 Fed.Appx. 702, 703 n.* (10th Cir. 2012).

[46] *Id.*

[47] Order Granting Motion on the Debt at 10-14.

[48] Response to Motion on the Debt at 5.

[49] Order Granting Motion on the Debt at 10-11.

which CCS relied on was not determined admissible until the entry of the Order Granting Motion on the Debt.[50]

Lauer therefore had colorable, though unsuccessful, arguments in the pursuit of his § 1692e(2)(A) Claim until the determination on the Motion of the Debt. Without binding precedent and a definitive ruling on the admissibility of the AT&T representative's declaration, neither Lauer's nor Trigsted's conduct in pursuing Lauer's § 1692e(2)(A) Claim rise to the level of bad faith. Nor did their conduct unreasonably and vexatiously multiply the proceedings. Accordingly, CCS is not entitled to an award of attorneys' fees under either of its theories for relief with regard to Lauer's § 1692e(2)(A) Claim.

Additionally, given that Lauer's § 1692e(2)(A) Claim was not pursued in bad faith, CCS may not recover attorneys' fees under § 1692k(a)(3) for Lauer's § 1692d(6) Claim or Lauer's § 1692e(11) Claim, as Lauer's entire action was not brought and pursued in bad faith. Consequently, there is no need to discuss Lauer's § 1692d(6) Claim and Lauer's § 1692e(11) Claim under the § 1692k(a)(3) standard.

### Lauer's § 1692d(6) Claim did not unreasonably and vexatiously multiply the proceedings

Under § 1692d(6), a debt collector must provide a "meaningful disclosure of the caller's identity."[51] Lauer first asserted his § 1692d(6) Claim in his Amended Complaint.[52] This claim was dismissed in the Order Granting Motion on the Collection Calls, as the transcripts of the four CCS calls to Lauer undisputedly demonstrated that the CCS representatives complied with § 1692d(6) by disclosing their names and that they were calling from CCS.[53] CCS argues that

---

[50] Order Granting Motion on the Debt at 10-12.

[51] 15 U.S.C.A. 1692d(6).

[52] Amended Complaint at 2, ¶ 10.

[53] Order Granting Motion on the Collection Calls at 8-10.

because Trigsted was in possession of the four telephone recordings, he knew Lauer's allegations regarding violations of § 1692d(6) were meritless.[54]

Upon review of the materials presented, it is unclear when Trigsted received the four telephone recordings from CCS. Neither Trigsted nor CCS has provided evidence of the precise date Trigsted received the telephone recordings. Trigsted maintains that the recordings were not received until after the filing of Lauer's Amended Complaint, despite his prior attempts to obtain them in discovery.[55] CCS argues that it provided Trigsted with the recordings, but makes no mention of the date it provided them to Trigsted.[56] It is clear however that Trigsted received the transcripts of the recordings no later than June 5, 2015, when CCS attached them as an exhibit to its Motion on the Collection Calls.[57]

Trigsted was obligated to re-evaluate Lauer's claims and avoid prolonging meritless claims.[58] Prior to receiving the recordings Trigsted could reasonably rely on Lauer's representations regarding what was said by the CCS representatives in the four calls. However, once Trigsted received the recordings, he should have known that CCS strictly complied with § 1692d(6) on each of its four calls to Lauer and withdrawn Lauer's § 1692d(6) Claim. Trigsted therefore should have withdrawn Lauer's § 1692d(6) Claim after his receipt of the recordings, before the filing of CCS's Motion on the Collection Calls, or in his response to the motion, but he did not. Trigsted acknowledges this, but points out that he "made no attempt to argue liability

---

[54] Bad Faith Motion at 4.

[55] Response to Defendant's Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, et al [Doc 38] ("Response to Bad Faith Motion") at 5, docket no. 39, filed Nov. 3, 2015.

[56] Motion on the Collection Calls at 4; Bad Faith Motion at 4.

[57] Motion on the Collection Calls at Exs. C, D, E, G.

[58] *See Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).

for [§ 1692d(6)] in his response to the [Motion on the Collection Calls]."[59] Though accurate, Trigsted's failure to withdraw Lauer's § 1692d(6) Claim necessitated CCS's discussion of the claim in its Motion on the Collection Calls and in its reply memorandum.[60] Trigsted's conduct also consumed court resources by requiring the meritless claim to be addressed in the Order Granting Motion on the Collection Calls.[61]

In a vacuum, Trigsted could be sanctioned under § 1927 because of his failure to withdraw Lauer's § 1692d(6) Claim in a timely manner. However, under the circumstances, Trigsted's failure to withdraw Lauer's § 1692d(6) Claim did not unreasonably and vexatiously multiply the proceedings. Lauer's § 1692d(6) Claim and Lauer's § 1692e(11) Claim became procedurally married with the filing of CCS's Motion on the Collection Calls.[62] No separate filings or proceedings occurred in the adjudication of Lauer's § 1692d(6) Claim independent of Lauer's § 1692e(11) Claim. As discussed below, Lauer's § 1692e(11) Claim was not brought and pursued in bad faith.[63] Moreover, CCS's discussion and arguments relating to Lauer's § 1692d(6) Claim in its Motion on the Collection Calls and its reply on the motion were minor in relation to that of Lauer's § 1692e(11) Claim.

"[A]n award should be made under § 1927 only in instances evidencing a *serious and standard disregard* for the orderly process of justice."[64] This did not occur here, despite Trigsted's failure to withdraw Lauer's § 1692d(6) Claim. The failure to withdraw Lauer's

---

[59] Response to the Bad Faith Motion at 5.

[60] Motion on the Collection Calls at 7-9; Defendant's Reply in Support of Its Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, for Purposes of Harassment, and Actions Taken by Plaintiff and His Attorney were Vexatious ("Reply to the Motion on the Collection Calls") at 1-2, docket no. 32, filed July 20, 2015.

[61] Order Granting Motion on the Collection Calls at 8-10.

[62] Motion on the Collection Calls.

[63] *See infra* at 11-12.

[64] *White*, 915 F.2d at 1427 (emphasis added).

§ 1692d(6) Claim was not so serious as to unreasonably and vexatiously multiply the proceedings and does not warrant an award of attorneys' fees under § 1927.

### Lauer's § 1692e(11) Claim was not brought and pursued in bad faith and did not unreasonably and vexatiously multiply the proceedings

As with Lauer's § 1692d(6) Claim, Lauer's § 1692e(11) Claim was first asserted in his Amended Complaint.[65] Under § 1692e(11), a debt collector is required to disclose "that the debt collector is attempting to collect a debt."[66] Lauer's § 1692d(6) Claim was not brought in bad faith, as Trigsted did not possess the recordings of CCS's calls to Lauer at the time of the Amended Complaint's filing, and at that time Trigsted could reasonably rely on Lauer's representations of what was stated in the calls. Question however remains as to whether Trigsted's continued pursuit of Lauer's § 1692e(11) Claim after receiving the recordings of the calls constitutes bad faith or an unreasonable and vexatious multiplication of the proceedings.

In opposing CCS's Motion on the Collection Calls, Trigsted acknowledged that Lauer's § 1692e(11) Claim pertained only to the third CCS call to Lauer, as the first, second, and fourth calls strictly complied with § 1692e(11).[67] Though the FDCPA is a strict liability statute,[68] it states that a "debt collector may not be held liable in any action…if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."[69] "[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made

---

[65] Amended Complaint at 2, ¶ 11.

[66] 15 U.S.C.A. § 1692e(11).

[67] Motion on the Collection Calls at 10; Response to Defendant's Second Motion for Summary Judgment ("Response to the Motion on the Collection Calls") at 2, docket no. 31, filed July 6, 2015.

[68] *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

[69] 15 U.S.C.A. § 1692k(c).

despite the maintenance of procedures reasonably adapted to avoid the error."[70] CCS argued in its Motion on the Collection Calls that it should not be held liable for a violation of § 1692e(11) based on this bona fide error defense.[71]

Trigsted's opposition to the Motion on the Collection Calls conceded that CCS's violation was unintentional and a bona fide error, but disputed CCS's in-house debt collection procedures.[72] Specifically, Trigsted argued as to whether CCS had sufficiently proven that its procedures were properly maintained and reasonably adapted to avoid violations of the FDCPA.[73] Trigsted's argument relied on *Johnson v. Riddle*, a Tenth Circuit Court of Appeals' opinion, which states that the reasonableness of a debt collector's procedures under § 1692k(c) is a question of fact for the jury.[74] Though it was ultimately determined that CCS did provide sufficient undisputed evidence to demonstrate that it did not violate § 1692e(11),[75] Trigsted's reliance on *Riddle* was a colorable defense to CCS's Motion on the Collection Calls. Therefore, Trigsted's continued pursuit of Lauer's § 1692e(11) Claim was not in bad faith and the opposition to CCS's Motion on the Collection Calls did not unreasonably and vexatiously multiply the proceedings. Accordingly, CSS is not entitled to an award of attorneys' fees under § 1927 on Lauer's § 1692e(11) Claim.

---

[70] *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).

[71] Motion on the Collection Calls at 14-16.

[72] Response to the Motion on the Collection Calls at 3.

[73] *Id.* at 3-5.

[74] *Riddle*, 443 F.3d at 730-31.

[75] Order Granting Motion on the Collection Calls at 10-14.

## CONCLUSION

CCS has failed to meet its burden under 15 U.S.C. § 1692k(a)(3) and under 28 U.S.C. § 1927 to be entitled to an award of attorneys' fees against Lauer and Trigsted. Accordingly, CCS's Bad Faith Motion[76] is DENIED.

## ORDER

IT IS HEREBY ORDERED that CCS's Bad Faith Motion[77] is DENIED.

Signed April 6, 2016.

BY THE COURT

David Nuffer
United States District Court Judge

---

[76] Bad Faith Motion.

[77] *Id*.